**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

CORNELIUS BURNETT,

    Petitioner,

Case No. 1:10-cv-562

    -vs-

District Judge Michael R. Barrett
Magistrate Judge Michael R. Merz

DEBORAH TIMMERMAN-COOPER,
WARDEN, London Correctional
Institution,

    Respondent.

## REPORT AND RECOMMENDATIONS

Petitioner Cornelius Burnett brought this habeas corpus action pursuant to 28 U.S.C. § 2254 to obtain release from the three-year sentence of imprisonment he is serving in Respondent's custody. After a series of amendments, Petitioner's claims before the Court, as clarified in Judge Barrett's Order of June 21, 2011 (Doc. No. 27) are as follows:

> **Ground One:** The court violated defendant's rights when it sentenced the defendant to a term of imprisonment for the same offense six other times, as prohibited by the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. (Petition, Doc. No. 8, and Second Motion to Amend, Doc. No. 26.)
>
> **Supporting Facts:** The defendant was indicted of seven Counts of Dog Fighting. And the Defendant was handed down the same sentence for all of the charges to be served consecutively to one another. The Issue with respect to this case is that one of the counts it covered the full time of the defendant's actions but yet the State did not merge the counts during sentencing.
>
> **Ground Two:** Appellate Counsel was ineffective. (Petition, Doc. No.

8)

**Supporting Facts**: Counsel was ineffective for not adressing [sic] the sentence and filing an Anders Brief also in not allowing the defendant to file a Pro Se Brief.

**Ground Three:** Court of appeals and Appellate counsel acted under color of law, when the two did not address the fact that the defendant could have filed a Pro Se. Brief (Petition, Doc. No. 8).

**Supporting Facts:** After Appellate counsel filed an anders brief, the Defendant was never told that he could have filed a Pro Se. brief. And the Appeals Court kept the Appellate counsel on the case to file another Anders brief in the Ohio Supreme Court instead of removing Appellate counsel this violated the defendants right to appeal. Due to the fact that the defendant was not able to address his issues.

**Ground Four:** Petitioner's right to effective assistance of counsel under the Sixth Amendment to the United States Constitution was violated when his appellate attorney failed to argue that Burnett's plea was not entered knowingly and voluntarily in that he was misinformed of the maximum possible sentence. (Petition, Doc. No. 8, and Second Motion to Amend, Doc. No. 26.)

**Ground Five:** Petitioner's plea agreement was breached in that law enforcement promised he would get case relief in federal and state court which he has not received. (First Motion to Amend, Doc. No. 11).

**Supporting Facts:** Petitioner was convicted first by the Federal Government for "Dogfighting", which was a "joint investigation with State authorizes [sic]. Agents working the case promised the Petitioner that by cooperating with the investigation, Petitioner would receive relief in the Federal Courts and in the State courts. However, while receiving relief in the Federal Courts, Petitioner never received relief in the State Court proceedings. Trial Court refused by stating his own opinion while failing to give petitioner an evidential [sic] hearing.

When Magistrate Judge Litkovitz initially ordered the State to answer the Petition, she provided that Mr. Burnett could file a reply to the Return within twenty-one days after the Return

was filed (Order, Doc. No. 7, PageID 26). The initial Return of Writ (Doc. No. 16) was filed February 16, 2011, making the reply due March 14, 2011; no reply was filed within the time allowed or at any time since. The time for a reply having expired, the case is ripe for decision.

## Ground One

In Ground One, Petitioner complains that his sentence violates the Double Jeopardy Clause of the Fifth Amendment.

The Double Jeopardy Clause of the United States Constitution affords a defendant three basic protections:

> It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

*Brown v. Ohio*, 432 U.S. 161, 165(1977), *quoting North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). The Double Jeopardy Clause of the Fifth Amendment was held to be applicable to the States through the Fourteenth Amendment in *Benton v. Maryland*, 395 U.S. 784 (1969).

The test for whether two offenses constitute the same offense is "whether each offense contains an element not contained in the other." *United States v. Dixon*, 509 U.S. 688 (1993); *Blockburger v. United States*, 284 U.S. 299 (1932).

Petitioner was indicted by a Hamilton County Grand Jury on March 26, 2007, on a total of seven counts related to dog fighting: two counts of promoting, engaging in, or being employed at dog fighting (Indictment, Ex. 1 to Return of Writ, Doc. No. 16, Third and Fourth Counts, PageID 84-85); one count of selling, purchasing, possessing, or training a dog for dog fighting ( *Id.* Second

-3-

Count, PageID 84); two counts of paying money or giving anything else of value in exchange for admission to or being present at a dogfight ( *Id.* Fifth and Seventh Counts, PageID 85-86); and two counts of witnessing a dogfight presented as a public spectacle ( *Id.* Sixth and Eighth Counts, PageID 85-86).

On November 17, 2008, Burnett withdrew his former pleas of not guilty and pled no contest to all the charges made against him in the Indictment and was found guilty. The facts supporting the guilty finding were recited by the prosecutor in his brief on appeal:

> Between January 1, 2006, and December 31, 2006, Burnett purchased, sold, possessed, or trained a dog for dog fighting purposes. On March 31, 2006, Burnett promoted, engaged in, or was employed in dog fighting. On May 20, 2006, he again promoted, engaged in, or was employed in dog fighting; purchased a ticket or was present at a dogfight; and witnessed a dogfight presented as a public spectacle. On December 30, 2006, Burnett purchased a ticket for or was present at a dogfight and witnesses a dogfight presented as a public spectacle.

(State of Ohio's Brief, Exhibit 8 to Return of Writ, Doc. No. 16, PageID 117-118)  This Court does not understand Petitioner to dispute those facts.

Prior to sentencing, the trial judge merged a number of counts of the indictment under Ohio Revised Code § 2941.25.  Counts four, five, and six were all merged because they all occurred on May 20, 2006.  Counts seven and eight were merged because they both occurred on December 30, 2006.  The judge imposed a sentence of eighteen months each on Counts two, three, four, and seven.  Counts two and four were ordered to be served consecutively to each other and concurrently with Counts three and seven, resulting in an aggregate sentence of three years.  Furthermore, the sentence was ordered to be served consecutively to the sentence imposed on the Petitioner in this Court's case No. 3:07-cr-34.

Petitioner's Ground One for Relief misstates what actually happened in the trial court. He asserts he was convicted of seven counts of "dogfighting" and sentenced on all seven consecutively. As can be seen from the recitation in the prior paragraph, that is not what happened.

The question under the Double Jeopardy Clause is whether Petitioner was punished twice for the "same" offense. As noted above, under the classic *Blockburger* test, offenses are different from one another for Double Jeopardy purposes if each of them contains an element not contained in the other.

To convict a defendant of the charge made in Count Two for violating Ohio Revised Code § 959.16(A)(3), the State would have to prove that the defendant sold, purchased, possessed, or trained a dog for dogfighting.

To convict a defendant of the charges made in Counts Three and Four for violating Ohio Revised Code § 959.16(A)(1), the State would have to prove that the defendant knowingly promoted, engaged in, or was employed at dogfighting.

To convict a defendant of the charge made in Counts Five and Seven for violating Ohio Revised Code § 959.16(A)(5), the State would have to prove that the defendant knowingly purchased a ticket of admission to or was present at a dogfight.

To convict a defendant of the charge made in Counts Six and Eight for violating Ohio Revised Code § 959.16(A)(6), the State would have to prove that the defendant knowingly witnessed a dogfight that was presented as a public spectacle.

Each of these offenses contains an element not contained in the others. Just as an example, possessing a dog for dogfighting is different from promoting a dogfight, buying a ticket for a dogfight, or being present at a dogfight presented as a public spectacle. A person could violated one

of these statutes without violating the others. All are related to the activity of dogfighting, but each punishes separately different acts associated with dogfighting. Nothing in the Constitution of the United States prohibits a State from punishing separately the different acts which are associated with dogfighting and that is what the States of Ohio has done in Ohio Revised Code § 959.16(A)(1), (3), (5), (6). Petitioner's Double Jeopardy claim is without merit and should be dismissed.

## Ground Two

In his second Ground for Relief, Petitioner asserts he received ineffective assistance of appellate counsel in that he (1) filed an *Anders* brief, (2) did not address the "sentencing issue", and (3) did not allow Burnett to file his own *pro se* brief.

Before a petitioner may raise a federal constitutional issue in habeas corpus, he must first exhaust available state court remedies. The remedy Ohio provides for claims of ineffective assistance of appellate counsel is an application to reopen the appeal under Ohio R. App. P. 26(B). Mr. Burnett filed such an application on December 29, 2009, raising the claims that his attorney failed to argue (1) that his state sentence should have been run concurrent with his federal sentence and (2) that his multiple sentences violated the Double Jeopardy Clause (Return of Writ, Doc. No. 16, Ex. 17, PageID 142-144.) The Court of Appeals denied the Application on the merits, noting "The Court accepted appellant's addendum to the *Anders* brief filed by counsel and fully considered the matters raised in appellant's motion." *Id.,* Ex. 18, PageID 145.

In the decision of the appeal on the merits, the Court of Appeals expressly determined that the *Anders* brief was appropriate and that counsel had given Mr. Burnett adequate notice of the filing

of the brief, "allowing sufficient time for Burnett to provide grounds for this appeal." (Judgment Entry, Ex. 12 to Return of Writ, Doc. No. 16, PageID 130.)  The record further shows that in the addendum (captioned "Memorandum to Further Clarify Issues on Appeal) which Mr. Burnett submitted to the Court of Appeals, he raised the issue of concurrent federal/state sentences. (Ex. 9 to Return of Writ, Doc. No. 16, PageID 123).

The decision of the Court of Appeals on direct appeal constitutes a decision on the merits of the claims Mr. Burnett raised in his Motion to Clarify.  The decision of the Court of Appeals on his App. R. 26(B) Application constitutes a decision on his claim of ineffective assistance of appellate counsel.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court.  28 U.S.C. § 2254(d)(1); *Brown v. Payton,* 544 U.S. 133, 134 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362 (2000).  When a state court decision is clearly made on the merits, even if not extensively explained, this Court must treat it as a merits adjudication and determine if it is objectively unreasonable.  In *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 2011 U.S. LEXIS 912 (2011), the Supreme Court held:

> By its terms § 2254(d) bars relitigation of any claim "adjudicated on the merits" in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2). There is no text in the statute requiring a statement of reasons. The statute refers only to a "decision," which resulted from an "adjudication." As every Court of Appeals to consider the issue has recognized, determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning. *See Chadwick v. Janecka*, 312 F.3d 597, 605-606 (CA3 2002); *Wright v. Secretary for Dept. of*

> *Corrections*, 278 F.3d 1245, 1253-1254 (CA11 2002); *Sellan v. Kuhlman*, 261 F.3d 303, 311-312 (CA2 2001); *Bell v. Jarvis*, 236 F.3d 149, 158-162 (CA4 2000) (en banc); *Harris v. Stovall,* 212 F.3d 940, 943, n. 1 (CA6 2000); *Aycox v. Lytle,* 196 F.3d 1174, 1177-1178 (CA10 1999); *James v. Bowersox*, 187 F.3d 866, 869 (CA8 1999). And as this Court has observed, a state court need not cite or even be aware of our cases under § 2254(d). *Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002) (per curiam). Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief. This is so whether or not the state court reveals which of the elements in a multipart claim it found insufficient, for § 2254(d) applies when a "claim," not a component of one, has been adjudicated.

131 S. Ct. at 784. "This Court now holds and reconfirms that §2254(d) does not require a state court to give reasons before its decisions can be deemed to have been 'adjudicated on the merits.'" *Id.* at 785. "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary.*" Brown v. Bobby*, 2011 U.S. App. LEXIS 18451*6-7(6th Cir. Sept. 2, 2011), *quoting Harrington,* 131 S. Ct. at 784-85. When the state court is silent as to its reasoning in denying a claim, "a habeas court must determine what arguments of theories supported or ... could have supported the state court's decision." *Walker v. McGuiggan*, 2011 U.S. App. LEXIS 18449 (6th Cir. Sept. 2, 2011), *quoting Harrington,* 131 S. Ct. at 786.

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the

> Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987).

The Court of Appeals decision on Petitioner's 26(B) Application is neither contrary to nor an unreasonable application of *Strickland* and its progeny. Essentially Petitioner identified to the Court of Appeals no meritorious assignments of error which counsel omitted, nor has he identified any such assignments of error here. His Double Jeopardy argument is without merit for the reasons

given above as to the first Ground for Relief. His claim that he was entitled to concurrent state and federal sentencing as a matter of state law was rejected by the Court of Appeals and this Court is bound by its interpretation of state law. Ground Two for Relief should be dismissed.

### Ground Three

Petitioner's Ground Three for Relief does not appear to raise any issues which were not dealt with under Ground Two. Petitioner filed a memorandum to clarify with the Court of Appeals and he does not now say what arguments he would have made in a separate "Pro Se Brief" that he did not make there. There is no federal constitutional right to appeal from a state trial court conviction. *McKane v. Durston*, 153 U.S. 684 (1894), cited as still good law in *Lopez v. Wilson,* 426 F.3d 339, 355 (6th Cir. 2005). "Due process does not require a State to provide appellate process at all." *Goeke v. Branch*, 514 U.S. 115, 120 (1995). Petitioner had waived his state right to appeal by agreeing to a sentence. Ohio Revised Code § 2953.08. Despite that, the Court of Appeals considered the merits, including the merits of the issues added by the clarification memorandum. There certainly is no federal constitutional right to file a separate document labeled "pro se brief" when one has placed one's issues before the relevant court in a different document. Ground Three is without merit and should be dismissed.

### Ground Four

In Ground Four, Mr. Burnett alleges he received ineffective assistance of appellate counsel

when his attorney did not argue that his plea was involuntary because he had been misinformed about the maximum sentence.

As Respondent correctly points out, this Ground for Relief misstates the facts: Burnett was advised that the maximum sentence for the offenses to which he pled was 10.5 years: seven times the minimum sentences of 18 months.

Moreover, Burnet has committed multiple procedural defaults in presenting this claim. Because it depends on matters which are of record, it could have been raised on direct appeal, but was not. It is therefore barred under Ohio's criminal *res judicata* doctrine. *State v. Perry,* 10 Ohio St. 2d 175, 226 N.E. 2d 104 (1967). Ohio's courts would undoubtedly enforce that rule if Mr. Burnett attempted to raise this claim now because they have consistently enforced the rule. *State v. Cole*, 2 Ohio St. 3d 112, 443 N.E. 2d 169 (1982); *State v. Ishmail*, 67 Ohio St. 2d 16, 423 N.E. 2d 1068 (1981). That doctrine is an adequate and independent state ground for decision. . *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994); *Van Hook v. Anderson*, 127 F. Supp. 2d 899 (S.D. Ohio 2001). Ground Four should be dismissed as procedurally defaulted.

**Ground Five**

In Ground Five for Relief, Mr. Burnett claims his plea agreement was breached because he

was promised "case relief" in both state and federal courts for his cooperation in the investigation and, while he received it in federal court, he never received it in state court.

The record in United States v. Cornelius Burnett, Case No. 3:07-cr-34, shows that Mr. Burnett was sentenced by Judge Rice in this Court to serve a 36 month sentence on Count 28 of the federal indictment, concurrent with other lesser sentences on other counts. In that case the Government filed a substantial assistance motion which resulted in a substantial reduction in the Guideline Sentencing Range for the federal offenses of which Mr. Burnett was convicted. Although he is unclear what he means by "case relief" in the state court case, if he means the same thing, then he has procedurally defaulted on any such claim by not raising it on direct appeal.

At the time he was sentenced in state court, he plainly knew because the judge told him that he was to receive an agreed sentence of three years which would be served consecutive to his federal sentence. He agreed to that in open court. If that represented a result different from the plea agreement he had made, it certainly was available to him on direct appeal. If he understood this as part of the plea agreement, he certainly said nothing about it at the time he agreed to a three-year consecutive sentence. If there was some sort of off-the-record part of the plea agreement, he could have obtained consideration of that claim by filing a petition for post-conviction relief under Ohio Revised Code § 2953.21, but he has never done so. He has never moved to withdraw his no contest plea.

In sum, Ground Five is barred by procedural default and should be dismissed.

## Conclusion

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be

dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied any requested certificate of appealability and leave to appeal *in forma pauperis*.

September 22, 2011.

s/ **Michael R. Merz**<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

J:\Documents\Burnett Habeas R&R.wpd