# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Cornelius Burnett,

       Petitioner,                                      Case No.: 1:10-cv-562

       v.                                                Judge Michael R. Barrett

Warden, London Correctional Institution,

       Respondent.

## OPINION & ORDER

This matter is before the Court on Magistrate Judge Michael R. Merz's, Report and Recommendation ("Report") (Doc. 31)[1] and Petitioner Cornelius Burnett's corresponding Petition for Writ of Habeas Corpus (Doc. 8) as subsequently amended (*see* Docs. 26 & 27). The Report recommends that the Petition be dismissed with prejudice. (Doc. 31, 12–13.) Petitioner has filed an Objection (Doc. 33) and a Traverse in reply (Doc. 32).

The parties were given proper notice, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, including notice that the parties may waive further appeal if they fail to file objections in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981); (Doc. 31, 13.)

Petitioner's Objections are ripe for review. For the reasons stated below, the Court overrules Petitioner's Objections, and the Report is ADOPTED in its entirety.

---

[1] All Court document citations are to Docket Entry numbers.

1

**I.  Background**

In March 2007, as a result of an undercover investigation, Petitioner was indicted on seven counts of Dogfighting in violation of Ohio Revised Code § 959.16(A). Petitioner pleaded no contest to all seven counts, and the trial court subsequently sentenced him to three years imprisonment. The trial court sentenced Petitioner on counts 2, 3, 4, and 7, and merged the remaining counts.

Petitioner made a timely appeal to the First District Court of Appeals in Hamilton County, Ohio. His appellate counsel filed an *Anders* brief, stating that the case involved a plea agreement and an agreed sentence, and that based on Ohio Revised Code § 2953.08, counsel could find no errors. On April 21, 2009, Petitioner filed a pro se motion to clarify the issues on appeal. The appellate court overruled the motion, but sua sponte accepted the motion as an addendum to the brief. The appellate court agreed that no errors had occurred in Petitioner's case, and on October 7, 2009, issued a decision affirming the judgment of the trial court and finding that Burnett's appeal was wholly frivolous and without merit.

On November 4, 2009, Petitioner appealed to the Ohio Supreme Court. His appellate counsel filed the memorandum in support of jurisdiction, which repeated the language of the *Anders* brief filed in the lower court. The State waived a memorandum in response, and on February 10, 2010, the Ohio Supreme Court declined jurisdiction to hear the case. On April 6, 2010, Petitioner filed a pro se motion pursuant to Ohio Appellate Rule 26(B), asking the court to reopen his appeal and remand the case back to the Hamilton County Court of Appeals. The Court denied Petitioner's motion on May 26, 2010.

On October 22, 2010, Petitioner filed his Petition for Writ of Habeas Corpus (Doc. 8) with this Court. He raised four grounds for relief. After the Court remedied some confusion created by his subsequent filings (see Doc. 27), Petitioner maintains five grounds for relief:

> **Ground One:** The court violated defendant's rights when it sentenced the defendant to a term of imprisonment for the same offense six other times, as prohibited by the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. (Petition, Doc. No. 8, and Second Motion to Amend, Doc. No. 26.)
>
> **Supporting Facts:** The defendant was indicted of seven Counts of Dog Fighting. And the Defendant was handed down the same sentence for all of the charges to be served consecutively to one another. The Issue with respect to this case is that one of the counts it covered the full time of the defendant's actions but yet the State did not merge the counts during sentencing.
>
> **Ground Two:** Appellate Counsel was ineffective. (Petition, Doc. No. 8.)
>
> **Supporting Facts**: Counsel was ineffective for not adressing [sic] the sentence and filing an Anders Brief also in not allowing the defendant to file a Pro Se Brief.
>
> **Ground Three:** Court of appeals and Appellate counsel acted under color of law, when the two did not address the fact that the defendant could have filed a Pro Se Brief (Petition, Doc. No. 8).
>
> **Supporting Facts:** After Appellate counsel filed an anders brief, the Defendant was never told that he could have filed a Pro Se brief. And the Appeals Court kept the Appellate counsel on the case to file another Anders brief in the Ohio Supreme Court instead of removing Appellate counsel this violated the defendants right to appeal. Due to the fact that the defendant was not able to address his issues.
>
> **Ground Four:** Petitioner's right to effective assistance of counsel under the Sixth Amendment to the United States Constitution was violated when his appellate attorney failed to argue that Burnett's plea was not entered knowingly and voluntarily in that he was misinformed of the maximum possible sentence. (Petition, Doc. No. 8, and Second Motion to Amend, Doc. No. 26.)

3

> **Ground Five:** Petitioner's plea agreement was breached in that law enforcement promised he would get case relief in federal and state court which he has not received. (First Motion to Amend, Doc. No. 11.)
>
> **Supporting Facts:** Petitioner was convicted first by the Federal Government for "Dogfighting," which was a "joint investigation with State authorizes [sic]. Agents working the case promised the Petitioner that by cooperating with the investigation, Petitioner would receive relief in the Federal Courts and in the State courts. However, while receiving relief in the Federal Courts, Petitioner never received relief in the State Court proceedings. Trial Court refused by stating his own opinion while failing to give petitioner an evidential [sic] hearing.

(Doc. 31, 1–2.)

Upon analyzing Petitioner's grounds for relief and rejecting the merits of each, the Report recommends that Petitioner's 28 U.S.C. § 2254 petition be dismissed with prejudice. The Report further recommends that Petitioner be denied any requested certificate of appealability and leave to appeal appeal *in forma pauperis*. (Doc. 31, 12–13.) Petitioner has filed an Objection (Doc. 33) challenging the Report's recommendations. Apparently in response to the Report's recognition that Petitioner failed to reply to Respondent's initial Return of Writ (Doc. 31, 2–3), Petitioner has also filed a Traverse (Doc. 32) in reply to Respondent's Return of Writ (Doc. 29). Petitioner's Traverse was not timely filed. (*See* Docs. 31, 7, and 28.) Regardless of this deficiency, the Court considers it as a supplemental to Petitioner's Objection, and where appropriate, responds to the arguments made therein.

The Court interprets Petitioner filings as maintaining five overall objections, each of which correlate to his grounds for relief. First, as it relates to his first ground for relief, Petitioner contends that his sentence violated the Double Jeopardy Clause of the Constitution. (Doc. 33, 2.) Second, related to his second ground for relief, Petitioner

4

argues that his appellate counsel rendered ineffective assistance. (Doc. 33, 6–7.) Third, Petitioner reasserts the arguments made in his third ground for relief, which faults the Ohio court of appeals and his appellate counsel for not allowing him to file a pro se brief. (*See* Doc. 33, 7.) Fourth, relative to his fourth ground for relief, Petitioner argues that his appellate counsel was ineffective for not arguing that his plea was involuntary because he was supposedly misinformed about the maximum sentence. (Doc. 33, 7–8.) Finally, as related to his fifth ground for relief, Petitioner argues that the plea agreement was breached. (Doc. 32, 6–7.)

## II. Analysis

### A. Standard of Review

When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Petitioner has timely objected.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104–132, 110 Stat. 1214 (1996) ("AEDPA"), governs the standards of review for state-court decisions. The AEDPA provides that federal courts cannot grant a habeas petition for

5

any claim that the state court adjudicated on the merits unless the adjudication, "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Miller v. Francis*, 269 F.3d 609, 614 (6th Cir. 2001).

The United States Supreme Court outlined the proper application of § 2254(d) in *Williams v. Taylor*, 529 U.S. 362 (2000). To justify a grant of habeas relief under the "contrary to" clause, "a federal court must find a violation of law 'clearly established' by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision." *Miller*, 269 F.3d at 614 (*quoting Williams*, 529 U.S. at 412). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 at 413. The Sixth Circuit has held that even if a federal court determines that a state court incorrectly applied federal law, the court still cannot grant relief unless it also finds that the state-court ruling was unreasonable. *Simpson v. Jones*, 238 F.3d 399, 405 (6th Cir. 2000).

**B.     Petitioner's Objections**

Construed liberally, Petitioner makes five overall objections. (Doc. 33, *passim*; Doc. 32, *passim*.) The Court considers each.

### 1. First Objection

Petitioner's first objection raises the same general issue as his first ground for relief: Petitioner maintains that his sentence violated the Double Jeopardy Clause of the Constitution. (Doc. 33, 2.) He makes two basic arguments here. Petitioner first argues that because each of his dog-fighting offenses fall under one section, O.R.C. § 959.16, then "[a]ll of these convictions are within the scope of one crime regardless of the subsections." (Doc. 33, 4.) This is an incorrect statement of law. As the Report stated (Doc. 31, 3), the Double Jeopardy clause is not violated where "each offense contains an element not contained in the other." *United States v. Dixon*, 509 U.S. 688, 696 (1993); *Blockburger v. United States*, 284 U.S. 299, 304 (1932). There is no constitutional violation warranting habeas relief here. Petitioner also spends a great deal of time arguing about the application of state law, but violations of state law that do not infringe specific federal constitutional protections are not cognizable claims under § 2254. *Estelle v. McGuire*, 502 U.S 62, 67–68 (1991).

Petitioner also argues that based on the holding of *United States v. Palafox*, 764 F.2d 555 (9th Cir. 1985), because all of the charges against him came from one ongoing investigation, and because one agent was the witness to every crime, the government cannot sentence him to multiple crimes witnessed by that agent. (Doc. 32, 3–4; Doc. 33, 6.) In other words, Petitioner argues that if the government allows an undercover agent to remain undercover for long period of time, the agent could witness "an infinite amount of crimes . . . and this same petitioner could possibly be facing a life sentence after they continue to add up all the crimes that the agent witnessed even though they were all under the Dog Fighting statute." (Doc. 32, 4.) Ignoring the fact

7

that *Palafox* is not binding on this Court, it is distinguishable on the facts. *See Palafox*, 764 F.2d at 573 (dealing with samples of illegal drugs given to an undercover agent). Regardless, Petitioner misstates the law here. There is no constitutional violation when a defendant is sentenced for multiple crimes witnessed by one undercover agent. For the foregoing reasons, Petitioner's objection based on the Double Jeopardy Clause of the Constitution is OVERRULED.

### 2. Second, Third, Fourth, and Fifth Objections

Petitioner's other arguments are either general objections or they state no objection whatsoever. The Court discusses each as is appropriate.

Petitioner's second objection, which relates to his second ground for relief, argues ineffective assistance of appellate counsel. (Doc. 33, 6–7.) However, Petitioner's Objection raises no specific arguments here. He only states, "Appellate Counsel was ineffective for not recognizing that the records in this case clearly show[ ] several constitutional violations." (Doc. 33, 7.) Furthermore, although Petitioner's Traverse, which the Court considers as a supplemental to Petitioner's Objection, does discuss ineffective assistance of counsel, it raises no arguments that can be construed as objections to the Report. Instead, it merely restates Petitioner's arguments. (*See* Doc. 32.)

The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller*, 50 F.3d at 380. "'[O]bjections disputing the correctness of the

magistrate's recommendation but failing to specify the findings believed to be in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380). Furthermore, "[a]n 'objection' that . . . simply summarizes what has been presented before is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Because Petitioner only makes a general objection here, his second objection is OVERRULED.

Petitioner's third objection suffers from the same deficiency. Liberally construing Petitioner's filings, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that pro se pleadings are to be "liberally construed"), the Court assumes that Petitioner means to make an objection based on his third ground for relief, which faults the Ohio court of appeals and his appellate counsel for not allowing him to file a pro se brief. However, he makes no argument other than to state that "when he is serving a sentence that is not authorized by law and contrary to law, the Petitioner has a right to relief by the Court." (Doc. 33, 7.) Because the Court sees no error in the Report's analysis, and because Petitioner makes only a general objection here, *see Spencer*, 449 F.3d at 725, the third objection is OVERRULED.

Petitioner next argues that his appellate counsel was ineffective for not arguing that his plea was involuntary because he was supposedly misinformed about the maximum sentence. (Doc. 33, 7–8.) This relates to Petitioner's fourth ground for relief. The Report held, "Ground Four should be dismissed as procedurally defaulted." (Doc. 31, 11.) But once again, Petitioner does not address this recommendation with a specific objection; he does not address the issue of procedural default. Because the Court sees no error in the Report's analysis, and because Petitioner makes only a

9

general objection here, *see Spencer*, 449 F.3d at 725, the fourth objection is OVERRULED.

Petitioner's fifth objection, which relates to his fifth ground for relief, is not mentioned in his Objection. (*See* Doc. 33.) However, construing Petitioner's Traverse as a supplemental to the Objection, he argues that the plea agreement was breached in violation of the Fourteenth Amendment. (Doc. 32, 6.) The Report held that this claim was barred by procedural default. (Doc. 31, 12.) Petitioner's Traverse makes no argument finding fault with the Report's holding in this respect. (Doc. 32, 6.) As a result, Petitioner's fifth objection is OVERRULED.

## III. Conclusion

Having reviewed this matter de novo in accordance with Rule 72 of the Federal Rules of Civil Procedure, the Court finds Magistrate Judge Michael R. Merz's Report (Doc. 31) to be thorough, well reasoned, and correct. The Report is **ADOPTED** in its entirety. Petitioner's objections are **OVERRULED**. As the Report recommends (Doc. 31, 12–13), the Court **ORDERS** that Petitioner's writ of habeas corpus is **DENIED with PREJUDICE**. Furthermore, because reasonable jurists would not disagree with this conclusion Petitioner is **DENIED** a certificate of appealability and leave to appeal *in forma pauperis*.

**IT IS SO ORDERED**.

*s/Michael R. Barrett*
United States District Judge